IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |
|---|---|
| JOE G. MANLEY, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 1:25-cv-01176-STA-jay |
| HCCF WARDEN GODFREY, | ) ) |
| Respondent. | ) ) ) |

**ORDER DISMISSING § 2254 PETITION WITHOUT PREJUDICE
FOR FAILURE TO PROSECUTE, DENYING A CERTIFICATE OF APPEALABILITY,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

On July 16, 2025, Petitioner Joe G. Manley, Tennessee Department of Correction prisoner number 153425, who is incarcerated at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, filed a *pro se* petition under to 28 U.S.C. § 2254 and an application to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) Petitioner failed to submit a certified copy of his inmate trust fund account statement.

On July 17, 2025, the Court entered an order directing Petitioner to either pay the habeas filing fee or submit a certified copy of his trust fund account statement "no later than 30 days from the date of this order." ("IFP Order," ECF No. 5.) Petitioner filed a self-styled "Affidavit of Trust Fund Refusal" where he claimed that "due to the situation at this facility[,] I am unable to get any assistance from staff members to get . . . a certified copy of my trust fund account." (*Id*.)

The Court ordered Petitioner "to either pay the $5.00 habeas filing fee or submit an additional affidavit sworn under penalty of perjury stating, in detail, Petitioner's efforts to obtain a certified trust fund account statement." ("Second IFP Order," ECF No. 9.) The Court warned

that "[i]f Petitioner fails to abide by this order in a timely manner, the Court may, without further notice, impose appropriate sanctions, up to and including dismissal of this action for failure to prosecute under Federal Rule of Civil Procedure 41(b)." (*Id*. at PageID 140.)

Rather than comply with the Court's Second IFP Order, Petitioner wrote the Court a letter where he states that he is "having severe issues with receiving any proper help from the HCCF staff." (ECF No. 10.) Petitioner did not need assistance from the HCCF staff to submit the required affidavit, and Petitioner's letter does state in detail his efforts to obtain a certified trust account statement as required by the Court's Second IFP Order. Instead, Petitioner attaches an order from another judge granting his motion to proceed *in forma pauperis* in a civil rights case under 42 U.S.C. § 1983. (ECF No. 10-1.)

The fact that Petitioner was granted leave to proceed *in forma pauperis* in another case has no bearing on the instant case. Petitioner must submit a proper motion to proceed *in forma pauperis* with the required trust fund account statement for each case he intends to pursue.

Petitioner has failed to comply with the Court's Second IFP Order. Accordingly, the § 2254 petition is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

## APPELLATE ISSUES

No § 2254 petitioner may appeal without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *see Dennis v. Burgess*, 131 F.4th 537, 539 (6th Cir. 2025). A petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or

that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). If the district court denies relief on a procedural ground without reaching the underlying constitutional claim, a COA should issue when the petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason would not debate the district court's dismissal of the § 2254 petition under Rule 41(b), the Court **DENIES** a COA.

A party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). If the district court certifies that an appeal would not be taken in good faith or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. See Fed. R. App. P. 24(a)(4)-(5). For the same reasons the Court denies a COA, the Court **CERTIFIES** that any appeal would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[1]

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: August 25, 2025

---

[1] If Petitioner files a notice of appeal, he must pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this order. See Fed. R. App. P. 24(a)(5).